NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0264n.06

Case Nos. 14-5325/5519/5674

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| ROBERT W. BRADFORD (14-5325), )<br>)<br>    Plaintiff-Appellant, )<br>)<br>v. )<br>)<br>LVNV FUNDING, LLC; TOBIE GRIFFIN; )<br>BUFFALOE & ASSOCIATES, )<br>)<br>    Defendants-Appellees; )<br>_____ )<br>CARL R. SELLS (14-5519), )<br>)<br>    Plaintiff-Appellant, )<br>)<br>v. )<br>)<br>STEVE HAWKINS; HOSTO & BUCHAN; )<br>LVNV FUNDING, LLC, )<br>)<br>    Defendants-Appellees; )<br>_____ )<br>WILLIAM H. MELVIN (14-5674), )<br>)<br>    Plaintiff-Appellant, )<br>)<br>v. )<br>)<br>PYOD, LLC; TOBIE GRIFFIN, )<br>)<br>    Defendants-Appellees. )<br>_____/ | **FILED**<br>Apr 13, 2015<br>DEBORAH S. HUNT, Clerk<br><br><br><br><br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |

Case Nos. 14-5325/5519/5674, *Bradford v. LVNV Funding, LLC, et al.*

**Before: Keith, Merritt, and Boggs, Circuit Judges.**

**MERRITT, Circuit Judge.** This consolidated appeal presents a single question of Tennessee state debt-collection law that creates in turn a problem under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. The various debtor-plaintiffs below alleged multiple violations of the Federal Act, one of which turned on alleged violations of a state licensing statute that also covers debt collection services. The district court granted summary judgment to the defendants on all counts, and the plaintiffs appealed on a narrow question governed by a point of Tennessee law: specifically, whether the Tennessee statute required these defendants to be licensed as "collection services" before they purchased debts and used attorneys or licensed collection services to collect on those debts. Because we determine that the district court properly applied Tennessee law to the facts of this case, we affirm the judgment of the district court.

The underlying dispute involves litigation over plaintiffs' debts purchased by defendants. The plaintiffs below alleged that the defendants made a practice of purchasing questionable debts and then filing suit against the named debtors, including the plaintiffs in this case. Under the plaintiffs' theory, if an accused debtor appeared in court to contest the debt, the defendant holders of the debt then just dismissed the action as a matter of course. When an accused debtor failed to appear, the resulting default judgment made it easier for the debt-holders to pursue collection. In essence, the plaintiffs claimed the defendants were using a default-judgment-only litigation strategy to convert potentially bad debts into more robust, collectable judgments. The plaintiffs argued this pursuit of default-only judgments violated provisions of the Federal Act that prohibit using "any false, deceptive, or misleading representation or means in connection

with the collection of any debt." 15 U.S.C. § 1692e. The potentially deceptive practice was filing debt-collection lawsuits with no intention of pursuing any claims beyond default judgment.

The Federal Act targets "a wide array of unfair, harassing, deceptive, and unscrupulous collection practices by debt collectors." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 532 (6th Cir. 2014). It bans not only outright falsehoods, but also any "'false, deceptive, or misleading' debt-collection practices." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 396 (6th Cir. 2015) (quoting 15 U.S.C. § 1692e). The Federal Act specifically outlaws "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). While "Congress did not turn every violation of state law into a violation of the [Federal Act] . . . [t]he legality of the action taken under state law may be relevant, as it is in this case." *Currier*, 762 F.3d at 537 (citations omitted).

Although the theory at the core of the plaintiffs' initial complaint cast the alleged default-judgment-only litigation strategy as a threat to take action that was "not intended to be taken"—*i.e.*, to pursue more fulsome litigation—this appeal focuses on an alternative theory that casts the filing of those suits by unlicensed debt-holders as "action that cannot legally be taken." Thus, on the narrow appeal before us, the plaintiffs can prevail only if the defendants violated Tennessee law and that violation made their conduct "false, deceptive, or misleading."

The Tennessee Collection Service Act, Tenn. Code Ann. § 62-20-101 *et seq.*, has regulated debt collection in Tennessee since it was enacted in 1981. The Tennessee Act requires "collection services" to obtain a license from the Tennessee Collection Service Board before engaging in any "collection activities"—an undefined term—on behalf of themselves or any clients. The district court in these cases agreed with the defendants that "the licensing requirement applies only to those persons who actually involve themselves in, or take part in, the

act of collecting" and not to investors who rely on others to collect on the debts they hold. *Bradford v. LVNV Funding, LLC*, 3 F. Supp. 3d 708, 719 (E.D. Tenn. 2014). While the district court based this conclusion on the Tennessee Act alone, its judgment conformed to an opinion issued by the state board charged with implementing the statute and issuing the licenses. *See id.* at 713, 718–19.

During this appeal, the Tennessee legislature revisited the Tennessee Collection Service Act. Effectively endorsing the state board's interpretation, the legislature indicated that the state law did not apply to "[a]ny person that holds or acquires accounts, bills or other forms of indebtedness . . . and only engages in collection activity through the use of a licensed collection agency or an attorney authorized to practice law in this state." Act of May 22, 2014, 2014 Tenn. Pub. Acts ch. 996 § 2 (codified at Tenn. Code Ann. § 62-20-103(a)(9)). The legislature further indicated that it did not intend to change the substance of the prior law, but only to "clarify the statute and policies of the collection services board" and "provide a restatement of the statute and policies as the statute existed prior to the passage of [the amendment]." *Id.* at § 5. This legislation reinforces the already compelling district court analysis placing these defendants outside the scope of the state licensing requirements.

For these reasons and those contained in the district court opinion, the judgment of the district court is affirmed.